(No. 83-CC-1371—<span style="background:black"></span>

ROBERT GRIMMER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed February 28, 1985.*

*Order on Petition for Rehearing filed November 8, 1990.*

ANTHONY C. RACCUGLIA & ASSOCIATES, for Claimant.

ROLAND W. BURRIS, Attorney General (MICHAEL TAYLOR, Assistant Attorney General), for Respondent.

## ORDER

ROE, C.J.

This cause having come for consideration of the Respondent's Motion for summary judgment and the Court being duly advised in the premises:

FINDS, that Claimant's complaint asserts negligence on the part of Respondent in failing to keep a

snowmobile path safe for snowmobiles, that failure leading to Claimant's injuries. "The Legislature has determined that there is no duty to keep premises safe for snowmobiling * * *." (*Ostergren v. Forest Preserve District* (1984), 104 Ill. 2d 128, 135.) The Snowmobile Registration and Safety Act provides that:

"An owner, lessee, or occupant of premises owes no duty to keep the premises safe for entry or use by others for snowmobiling, or to give warning of any unsafe condition or use of or structure or activity on such premises. This subsection does not apply where permission to snowmobile is given for a valuable consideration other than to this State, any political subdivision or municipality thereof, or any landowner who is paid with funds from the Snowmobile Trail Establishment Fund." Ill. Rev. Stat. (1981), ch. 95½, par. 605—1(I).

It is therefore apparent that Claimant's complaint is barred by statute.

It is therefore ordered that judgment is granted in favor of the Respondent.

## ORDER ON PETITION FOR REHEARING

Montana, C.J.

This cause is before the Court on Claimant's petition for rehearing and for leave to file amended complaint.

Claimant's original complaint alleged in relevant part as follows:

"2. That on January 12th, 1982, at about 11:30 P.M., the claimant was operating a Snowmobile along and upon the Hennepin Canal near Aqueduct #3 in County of Bureau, State of Illinois.

3. That the aforementioned location of claimant at said time and place was located on property owned and maintained by the State of Illinois through the State of Illinois Department of Conservation, hereinafter called respondent.

4. That at the aforementioned location and time, while said claimant was operating his Snowmobile, he was caused to drive over the aqueduct, into the air 30 feet and hit a cement pier, dropping 20 feet to the creek bed below, severely injuring the plaintiff as is hereinafter mentioned.

5. That notwithstanding its duties under the circumstances, the respondent did or failed to do one or more of the following negligent acts and/or omissions.

A. Failed to warn the claimant of the roadway.

B. Failed to properly mark the Snowmobile trail along said canal by way of a sign indicating the presence of said curve.

C. Failed to properly sign said canal indicating that said canal was closed on said date.

D. Removed signs prior to the date of the accident indicating the presence of the curve and the presence of the aqueduct on said date.

6. That as a direct and proximate result of the negligence of the respondent, as setforth above, the claimant was thrown from his Snowmobile 20 feet to the bed of the Bureau Creeks, severely injuring himself, as is hereinafter mentioned."

On February 23, 1985, this Court entered an order granting Respondent's motion for summary judgment. The order was based on the decision of the supreme court of Illinois in *Ostergren v. Forest Preserve District* (1984), 104 Ill. 2d 128, 471 N.E.2d 191, which held that section 5—1(I) of the Illinois Snowmobile Registration and Safety Act (Snowmobile Act) (Ill. Rev. Stat. 1983, ch. 95½, par. 605—1(I)), was constitutional. That section provided:

"An Owner, lessee, or occupant of premises owes no duty to keep the premises safe for entry or use by others for snowmobiling, or to give warning of any unsafe condition or use of or structure or activity on such premises. This subsection does not apply where permission to snowmobile is given for a valuable consideration other than to this State, any political subdivision or municipality thereof, or any landowner who is paid with funds from the Snowmobile Trail Establishment Fund."

Claimant thereafter filed a petition for rehearing and for leave to file amended complaint. In said petition Claimant asserted that the *Ostergren* case should not be applied to the facts in his claim. In support of his position Claimant's petition states in relevant part as follows:

"A. That while said statute and the *Ostergren* case as applied may stand for the proposition that a Respondent such as the State of Illinois in this cause owes no affirmative duty to keep the premises safe for entry or use by others

for snowmobiling, etcetera; the same it is respectfully submitted does not state, nor should the same be applied, to absolve the State of Illinois from liability when, as here, there is not only an act of omission but also one of alleged commission in removing a previously existing warning sign from the site of the occurrence. (See paragraph 5(D) of Claimant's Complaint.)

B. That in further support of the manner submitted in 5(A) herein, it is respectfully submitted that there would be no need for the legislature to later pass Section 605(M) of Ch. 95½, if Section 605(I) was intended to cover circumstances related to the maintenance of signs and signals, etcetera, as is involved in the case at bar."

## Section 5—1(M) of the Snowmobile Act, Ill. Rev. Stat. 1983, ch. 95½, par. 605—1(M), provided:

"Any owner, lessee or occupant of premises or any person or association who, with the permission of the owner of the premises, places, maintains or displays a sign, signal, marking or device to give warning of any unsafe condition "on the premises for snowmobiling shall not be liable for any personal injuries allegedly caused by his or her acts or omissions in providing such warning unless the alleged misconduct was willful or wanton. This subsection shall not apply where the owner, occupant or lessee of the premises grants express permission for snowmobiling in exchange for valuable consideration. However, this subsection will apply where such consideration is given to such owner, occupant or lessee by the State or one of its political subdivisions."

## Claimant further asserts in his petition as follows:

"C. That additionally assuming *arguendo* that any claim by the Claimant in negligence in this cause is barred, which is respectfully denied, then in any event the said Claimant should be granted leave to formally file an Amended Complaint and in support thereof submits the following:

(1) That the Complaint of the Claimant in this cause has never been previously dismissed in this cause, nor has the Claimant ever previously filed an Amended Complaint in this cause;

(2) That even the original Complaint as filed, it is respectfully submitted, specifically in paragraph 5(D) thereof indicates that the Respondent may have been guilty of willful and wanton misconduct with reference to this matter.

(3) That the Claimant's proposed First Amended Complaint, a copy of which is attached hereto and made a part hereof as Exhibit A, sets forth it is respectfully submitted a viable cause of action for negligence and willful and wanton misconduct as against this Respondent, and in further support of the request for Leave to File the same, the following is submitted:

(a) That it is at the least a question of fact as to whether or not the removal of the previously existing warning signs prior to the date of the occurrence in question constitutes negligence and/or willful and wanton misconduct on the part of the Respondent.

(b) That the same is especially so when one considers the fact that according to the information that has been supplied to the Claimant, said signs were again being put up the day following the occurrence in question.

(c) That the Claimant's position in this regard is further buttressed by the allegations that the Respondents have allegedly in certain publications induced the Claimant and certain other members of the public to use the premises in question for the purpose of snowmobiling."

After a thorough review of the record we find that Claimant has failed to persuade the Court that its prior decision was incorrect. The *Ostergren* decision clearly indicates that under the circumstances present in this case the Respondent is immune from a negligence action pursuant to section 5—1(I) of the Snowmobile Act. It also appears that under section 5—1(M) the Respondent would be immune from a negligence action. Even if the facts as pleaded by Claimant state a cause of action for willful and wanton misconduct, Claimant's reliance on section 5—1(M) is misplaced. Section 5—1(M) was added by Public Act 82—993. The effective date of Public Act 82—993 was September 10, 1982, almost eight months after Claimant's accident. In *Ostergren* the majority of the Supreme Court determined that a 1984 amendment to section 5—1(I) of the Snowmobile Act allowing recovery for willful or malicious failure to guard or warn against a dangerous condition should not be applied retroactively. That amendment, Public Act 83—1044, eff. January 5, 1984, added to Section 5—1(I) as follows:

"Nothing in this section limits in any way liability which otherwise exists for willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity."

This claim presents a situation similar to the facts presented in a case before the First District Appellate Court (5th Division) in *Cwik v. Forest Preserve District* (1985), 131 Ill. App. 3d 1097, 477 N.E.2d 21. The plaintiffs in *Cwik* alleged they were injured on February 1, 1981, when their snowmobile struck a cable on

property owned and operated by the Forest Preserve of Cook County known as Miller's Meadows. On this property was an asphalt road with concrete pillars on either side supporting a steel cable across the road, all of which were in an area designated for snowmobiling. Plaintiffs alleged that on the date of the incident, the pillars and steel cable were not visible because they were partially covered with snow. Plaintiffs further alleged that the defendant had previously marked the area with large picnic tables and other large objects to alert snowmobiles to the location of the obstacles, but on the day of the accident the pillars and cable were not marked. Plaintiffs asserted they were injured as the result of defendant's acts or omissions of willful and wanton negligence in that defendant designated an area for snowmobiling which was not safe for such purposes, allowed the existence of a partially hidden cable within an area it knew or should have known that such cable constituted an obstruction and danger to snowmobile operators, and failed to post warning signs or markers within the vicinity of the snow-covered cable.

The trial court granted defendant's motion to dismiss holding that the Snowmobile Act barred plaintiffs' action. Plaintiffs contended the trial court erred in holding that defendant owed no duty of care to the plaintiffs and that sections 5—1(I) and (J) of the Snowmobile Act should not have been interpreted as relieving the defendant from liability for acts and omissions of willful and wanton negligence. Section 5—1(J) of the Snowmobile Act (Ill. Rev. Stat. 1983, ch. 95½, par. 605—1(J)), provided:

"An owner, lessee or occupant of premises who gives permission to another to snowmobile upon such premises does not thereby extend any assurance that the premises are safe for such purpose, or assume responsibility for or incur liability for any injury to person or property caused by any act of persons to whom the permission is granted. This

subsection shall not apply where permission to snowmobile is given for a valuable consideration other than to this State, any political subdivision or municipality thereof, or any landowner who is paid with funds from the Snowmobile Trail Establishment Fund."

The appellate court affirmed the trial court's decision and, citing the *Ostergren* decision, declined to give retroactive effect to the 1984 amendments to sections 5—1(I) and 5—1(J) which allowed actions for willful and wanton negligence.

Since the supreme court has determined that an amendment to the section of the Snowmobile Act, section 5—1(I), which would allow for actions for willful or malicious misconduct should not be applied retroactively, this Court fails to see why another section, section 5—1(M), allowing actions for willful or wanton misconduct should be applied retroactively to the time of Claimant's accident.

Based on the foregoing we affirm our prior decision granting Respondent's motion for summary judgment. Assuming arguendo that the circumstances giving rise to this claim would constitute willful and wanton negligence, if pleaded they would not constitute a cause of action. Therefore, Claimant's request for leave to file an amended complaint is denied.

It is therefore hereby ordered that this claim be, and is, hereby dismissed.